OPINION
Defendant-appellant Daimler Chrysler appeals from a judgment in favor of plaintiff-appellee Scott Boyle, following a jury trial, under the Magnuson-Moss Warranty Act and Ohio's Consumer Sales Practices Act (CSPA) for alleged defects in a van that Daimler Chrysler failed to repair under the express terms of its warranty. Daimler Chrysler argues that the trial court abused its discretion by failing to admit in evidence a copy of a second complaint filed by Boyle, in which Boyle alleged that the same damages were caused by the negligence of a third party. Additionally, the company contends that the court erred by allowing Boyle to testify concerning Daimler Chrysler's offers to repair the vehicle after litigation began, while refusing to allow Daimler Chrysler to question Boyle about the same offers. Finally, Daimler Chrysler contends that the judgment is against the manifest weight of the evidence, due in part to Boyle's failure to sufficiently identify damages relating to his claims.
We conclude that any error in the trial court's refusal to admit the second complaint was harmless. Daimler Chrysler was permitted to impeach Boyle relating to this other complaint on cross-examination. We conclude that the court did abuse its discretion by permitting Boyle to testify about Daimler Chrysler's offers to repair the vehicle after litigation began, while refusing to allow the company to cross-examine him about these offers. This resulted in material prejudice to Daimler Chrysler, requiring reversal of the judgment and a new trial. We conclude that Boyle introduced sufficient evidence of damages to avoid a directed verdict on his Magnuson-Moss Warranty Act and CSPA claims.
In a cross-appeal, Boyle contends that the judgment against him on his Lemon Law claim is against the manifest weight of the evidence. He also contends that the trial court abused its discretion by failing to award attorney fees to him as the prevailing party under the Magnuson-Moss Warranty Act and CSPA.
We conclude that the jury's verdict on Boyle's Lemon Law claim is not against the manifest weight of the evidence. Competing evidence regarding whether the defect substantially impaired the value, safety, or use of the vehicle was presented, from which a reasonable jury could decide that no violation occurred. As to Boyle's attorney fee contention, we agree that if on retrial the same evidence is presented and the jury concludes a violation of the CSPA transpired, Boyle may be entitled to attorney fees.
The judgment of the trial court in favor of Boyle on his Magnuson-Moss Warranty Act and CSPA claims is reversed, the judgment in favor of Daimler Chrysler on Boyle's Lemon Law claim is affirmed, and this cause is remanded for a new trial.
 I
Boyle purchased a new 1997 Dodge Grand Caravan from Monte Zinn Dodge to convert it for handicap use. Independent Mobility Systems ("IMS"), a Daimler Chrysler approved service organization, was to do the conversion, through arrangements with its Dayton dealer.
A week after purchase, and before the conversion process began, Boyle's son discovered that the vehicle was pulling to the left side during normal driving. He returned the van to the dealer for repairs. The dealer installed a "bolt kit" to the van and realigned it. This did not fix the problem. The van was then taken to IMS for the scheduled handicap conversion. Several months later, the van was again taken to the dealer with a similar front-end defect complaint. The dealer did not fix the problem. After a second complaint that same month, Monte Zinn sent the van out to Brake and Spring Alignment, a local expert, to fix the problem under Daimler Chrysler's warranty. It was returned, but the problem persisted. Brake and Spring Alignment contacted Boyle, telling him that the front end could not be fully aligned due to the conversion. Boyle contacted Daimler Chrysler again, alleging that the same problems continued. The dealer took the van for a test drive and could not replicate the problem. Boyle subsequently filed suit alleging violations of Ohio's Lemon Law statute, R.C. 1345.72, the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301, and Ohio's CSPA, R.C. 1345.01 et seq.
After trial, a jury returned a verdict in favor of Daimler Chrysler under Ohio's Lemon Law statute, and in favor of Boyle under the Magnuson-Moss Warranty Act claim and the CSPA claim. The jury awarded damages in the amount of $27,968.58 on the Magnuson-Moss claim (the exact amount of the purchase price of the vehicle) and $18,760.00 on the CSPA claim (the exact cost of the modifications to the vehicle).The trial court denied Boyle's motion for attorney fees and costs, finding that "plaintiff has not established, and the jury did not conclude, that Defendant `knowingly' engaged in unfair or deceptive practices." The trial court entered judgment in favor of Boyle in the amount of $46,728.50, plus statutory interest. From the judgment of the trial court, Daimler Chrysler has appealed, and Boyle has cross-appealed.
 II
We first consider Boyle's first assignment of error that the jury's verdict on his Lemon Law claim is against the manifest weight of the evidence. If Boyle were to prevail under this assignment of error, then Daimler Chrysler's third and fourth assignments of error regarding the Magnuson-Moss Warranty Act and CSPA would be rendered moot since the company would be required to take the vehicle back under Ohio's Lemon Law statute and Boyle's other claims would be moot, because he is limited to one recovery for his alleged harm.
Boyle's first assignment of error is as follows:
 "THE JURY'S VERDICT ON THE LEMON LAW CLAIM WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE"
When considering manifest weight arguments, we "review the evidence, and * * * determine whether, when appropriate deference is given to the factual conclusion of the trial court, the evidence persuades us by the requisite burden of proof." Howard v. Howard (Mar. 20, 1998), Montgomery App. No. 16542. A judgment that is supported by some credible, competent evidence that goes to all of the essential elements of the case is not against the manifest weight of the evidence and will not be reversed.C.E. Morris Co. v. Foley Constr. Co. (1978), 54 Ohio St.2d 279, 280,376 N.E.2d 578.
Consumers are guaranteed that car manufacturers will live up to the warranties they provide on new vehicles under Ohio's Lemon Law, R.C.1345.71 et seq. If they do not, then a consumer has a statutory remedy under R.C. 1345.72:
 "(B) If the manufacturer, its agent, or its authorized dealer is unable to conform the motor vehicle to any applicable express warranty by repairing or correcting any defect or condition that substantially impairs the use, safety, or value of the motor vehicle to the consumer after a reasonable number of repair attempts, the manufacturer shall, at the consumer's option, and subject to division (D) of this section replace the motor vehicle with a new motor vehicle acceptable to the consumer or accept return of the vehicle from the consumer and refund each of the following:
 "(1) The full purchase price including, but not limited to, charges for undercoating, transportation, and installed options;
 "(2) All collateral charge, including but not limited to, sales tax, license and registration fees, and similar government charges;
"(3) All finance charges incurred by the consumer;
 "(4) All incidental damages, including any reasonable fees charged by the lender for making or canceling the loan." (Emphasis added).[1]
R.C. 1345.73 defines the term "reasonable number of attempts":
"It shall be presumed that a reasonable number of attempts have been undertaken by the manufacturer, its dealer, or its authorized agent to conform a motor vehicle to any applicable express warranty if, during the period of one year following the date of the original delivery or during the first eighteen thousand miles of operation, whichever is earlier, any of the following apply:
 "(A) Substantially the same nonconformity has been subject to repair three or more times and continues to exist;
"* * *
 "(D) There has been at least one attempt to repair a nonconformity that results in a condition that is likely to cause death or serious bodily injury if the vehicle is driven, and the nonconformity continues to exist."[2]
Boyle argues that the judgment is against the manifest weight of the evidence because he presented evidence that Daimler Chrysler failed to correct the drifting problem after a reasonable number of attempts and that this defect substantially impairs the use, safety, and value of Boyle's van. He contends that if the trial court had instructed the jury that he had a right to a "presumption of recovery" once he established that Chrysler failed, after a reasonable number of opportunities, to repair the vehicle, then he would have prevailed on his Lemon Law claim.
We disagree. Boyle presented evidence of a reasonable number of attempts by Daimler Chrysler to repair the van, and he is correct that a presumption of recovery under the statute is warranted after a dealer fails to repair the defect after three attempts. Royster v. Toyota MotorSales, U.S.A., Inc. (2001), 92 Ohio St.3d 327, 2001-Ohio-212,750 N.E.2d 531. But this is just one element of a successful claim under the Lemon Law. To recover under the statute, the consumer must also demonstrate that the defect complained of substantially impairs the use, value, or safety of the vehicle.
Here, the record demonstrates that contradictory evidence regarding this issue was presented to the jury. Boyle's first expert, William Bexler, testified as follows:
 "Q. Okay. Now, do you have an opinion on whether or not the condition you've described substantially impaired the use of the safety or the value of the vehicle?
"A. I think it substantially
"Q. First of all, do you have an opinion?
"A. Yes, I have an opinion.
 "Q. And what is that opinion, and why do you feel that way?
 "A. I feel that it does affect the use quite a bit. The value, that's a judgment call; and safety, I don't know I don't know specifically what safety issue with the exception of being tired may have some some part to play with safety. But as far as use goes, it's it's heavy burdened against use to drive this thing and just constantly keep your hand on the wheel and keep fighting it back and forth, back and forth. It wears your hands out if you do this for 2,300 miles."
But Boyle's expert also admitted:
 "A. I'll tell you what, to be real honest about it, I think that there's a possibility with with a technician who was willing to work with this vehicle and spent some time with it, he probably could modify the camber enough to compensate and make it reasonable."
Boyle's other expert, Dr. Louise Boehman, testified as follows:
 "Q. Does this condition of the vehicle that you've described with these strut towers, can you tell the jury whether or not that substantially impairs the use or the value or the safety of the vehicle to Scott Boyle?
"A. I would say it affects all three.
"Q. How so, please?
 "A. Well, from a safety point of view, as I as I just said, it it you have to be on your toes all the time. Of course, once you, you know, when you're on the road, should be on your toes all the time. But after you're on a trip, you you will naturally tend to get a little less attentive. If you if you have this small little lapse; and you're going down the road and a semi comes by you or the crown of the road changes suddenly, within a few seconds, you can be at least partially into the next lane. This is what tires drivers out, always having to always having to be able to have some pull on the steering wheel to keep the vehicle going straight down the road. You shouldn't have to do that in a properly manufactured vehicle.
 "Q. So, in other words, will this vehicle substantially increase driver fatigue in normal operation?
"A. That is correct, yes.
"Q. Okay.
 "A. In terms of in terms of value, you know, if the due to all the consumer legislation, a defect of this sort would have to be divulged.
"* * *
"A. Oh, yes.
"* * *
 "Q. Dr. Boehman, you also said value. What about use? You haven't got to that yet.
 "A. Well, I think in terms of use, it would affect it in terms of of a person particularly like Mr. Boyle, I think from wanting to take this vehicle on a long trip. This is not a vehicle you would want to take on a long trip; and that's, again, related to the fatigue situation."
Daimler Chrysler's expert, Gregory Voorhies, opined that a minor repair could have fixed the alleged defect:
 "Q. Greg, with all the testing that's been done, including the further tests that were done at Lang Chevrolet, is it still your opinion today within a reasonable degree of mechanical certainty that the adjustment to assist Mr. Boyle is simply adding this dog bone or this this repair that according to Mr. Boehman costs about 75 dollars per wheel? Is that still your opinion?
"A. Yes."
Reasonable factfinders could have reached different conclusions whether the defect substantially impaired the use, safety, or value of Boyle's van based on the evidence presented. The weight given to the evidence, and which of competing inferences should be drawn from that evidence, is a matter primarily for the trier of fact. State v. DeHass (1967),10 Ohio St.2d 230, 39 O.O.2d 366, 227 N.E.2d 212, paragraph one of the syllabus. The jury could have reasonably concluded that the defect did not substantially impair the use, safety, or value of the van based on both Voorhies' testimony and parts of Bexler's testimony.
Boyle's first assignment of error is overruled.
 III
Since our resolution of Boyle's first assignment of error is not dispositive of this appeal, we now consider Daimler Chrysler's assignments of error. We first address Daimler Chrysler's third assignment of error, regarding insufficiency of evidence relating to damages on Boyle's Magnuson-Moss and CSPA claims, prior to its first, second, and fourth assignments of error. If the company prevails under its third assignment of error, resolution of its first, second, and fourth assignments of error and Boyle's second assignment of error will be unnecessary because no claims will remain.
The company's third assignment of error is as follows:
 "PLAINTIFF FAILED TO PRESENT SUFFICIENT EVIDENCE DEMONSTRATING THE PROPER MEASURE OF DAMAGE IN SUPPORT OF HIS BREACH OF WARRANTY CLAIM"
In this assignment of error, Daimler Chrysler argues that Boyle's Magnuson-Moss and CSPA claims fail because he did not present sufficient evidence of damages. In support of this argument, the company cites Gracev. Ganley Westside Imports, Inc. (June 3, 1999), Cuyahoga App. No. 74185 and Haynes v. George Ballas Buick-GMC Truck (Dec. 21, 1990), Lucas App. No. L-89-168.
Its reliance on these cases, however, is misplaced. In Grace, supra, the buyer brought a claim against a dealer due to breach of a repair warranty under R.C. 1302.88. At trial the dealer moved for a directed verdict, based on the buyer's failure to put forth sufficient evidence, which the trial court granted. Grace is distinguishable from the case before us for two reasons: (1) unlike the dealer in Grace, Daimler Chrysler failed to request a directed verdict under Ohio Civ.R.50; and (2) Boyle sought recovery under R.C. 1345.02 and 15 U.S.C. § 2301 et seq, not under R.C. 1302.88. Likewise, the dealer in Haynes successfully sought a directed verdict on the buyer's Magnuson-Moss claim, in part because the buyer failed to demonstrate that she suffered economic loss due to the breach of the written warranty. Again, the case before us is distinguishable since Daimler Chrysler failed to move for a directed verdict on this claim.
Daimler Chrysler's failure to move for a directed verdict at the close of all evidences waives that issue for purposes of appellate review, except potentially under a plain error analysis. Intrater v. VanCauwenberghe (Dec. 6, 2001), Cuyahoga App. No. 78259. The plain error doctrine, however, is not favored and seldom applied in civil appeals. When the doctrine is applied it is only in the extremely rare case involving circumstances where the error seriously affects the basic integrity, fairness, or public reputation of the judicial process. Id. We conclude that the present case does not fit within this exception.
Further, even under a plain error analysis, we conclude that Daimler Chrysler's assignment of error lacks merit. Boyle was potentially entitled to statutory damages under the CSPA, without any further proof of damages; therefore, a motion for a directed verdict on that claim would not have been well-taken. Additionally, Boyle presented some evidence that the value of his van was reduced due to the defect. Although imprecise, this evidence is enough to get Boyle's Magnuson-Moss claim to the jury. Accordingly, Daimler Chrysler's third assignment of error is overruled.
 IV
Daimler Chrysler's fourth assignment of error is as follows:
 "THE JURY'S VERDICT ON THE COUNT III OF THE COMPLAINT, WHICH ALLEGED A VIOLATION OF THE CONSUMER SALES PRACTICES ACT, WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE"
As noted in our consideration of Boyle's first assignment of error, a jury's verdict is entitled to great deference. If a judgment is supported by some credible, competent evidence going to all of the essential proof of the case, then it is not against the manifest weight of the evidence and will not be reversed. C.E. Morris Co. v. Foley Constr. Co. (1978),54 Ohio St.2d 279, 280, 376 N.E.2d 578.
Daimler Chrysler cites our decision in Swift v. Allied Pest Control, Montgomery App. No. 1831, 2001-Ohio-1642, for the proposition that a supplier may avoid liability under the Consumer Sales Practices Act if its actions are the result of a "bona fide error." Since its failure to fix the van was the result of a "bona fide error", the company cannot have violated the Act. We disagree.
Swift does not involve the standard for establishing a violation under R.C. 1345.02, but, instead, deals with the standard for establishing the required elements to recover attorney fees and damages pursuant to R.C.1345.09. In Swift, the trial court refused to award attorney fees to the prevailing party under the Act because the violation was the result of a "bona fide error" under R.C. 1345.11(A), which provides:
 "If a supplier shows by a preponderance of the evidence that a violation resulted from a bona fide error notwithstanding the maintenance for procedures reasonably adopted to avoid the error, * * * no party shall be awarded attorney's fees, and monetary recovery shall not exceed the amount of actual damages resulting from the violation." (Emphasis added).
We overruled the trial court's decision because the jury verdict was inconsistent, finding a "knowing" violation of the statute to have been the result of a "bona fide" error. We never held, nor do we now, that a "bona fide error" negates a claim under R.C. 1345.02 if a consumer shows some damages.
R.C. 1345.02 provides in relevant part as follows:
 "(A) No supplier should commit an unfair or deceptive act or practice in connection with a consumer transaction. Such an unfair or deceptive act or practice by a supplier violates this section whether it occurs before, during, or after the transaction.
 "(B) Without limiting the scope of division (A) of this section, the act or practice of a supplier in representing any of the following is deceptive:
"* * *
 "(10) That a consumer transaction involves or does not involve a warranty, a disclaimer of warranties or other rights, remedies, or obligations if the representation is false." R.C. 1345.02.
"The sole purpose of the Act is to protect consumers and eradicate deceptive trade practices, which necessarily entails a liberal interpretation of the Act to effectuate the legislative intent." Fletcherv. Don Foss of Cleveland, Inc. (1993), 90 Ohio App.3d 82, 87,628 N.E.2d 60, 63. Proof of knowledge or intent is not an element of a CSPA claim unless the Act requires it. To prevail under the Act, the consumer need only prove facts establishing a practice or act described by the language of the Act.
The record reveals that Boyle's alleged defect was covered under the terms of his warranty, and that Daimler Chrysler failed to repair the vehicle, thereby diminishing its value. This can amount to a violation under R.C. 1345.02. Accordingly, Daimler Chrysler's fourth assignment of error is overruled.
 V
In Daimler Chrysler's second assignment of error, the company argues:
 "THE TRIAL COURT ABUSED ITS DISCRETION TO THE MATERIAL PREJUDICE OF THE APPELLANT DAIMLER CHRYSLER BY NOT PERMITTING APPELLEE TO BE CROSS[-]EXAMINED ON THE ISSUE OF WHETHER HIS ATTORNEY HAD COMMUNICATED TO HIM OFFERS OF REPAIR TO THE SUBJECT VEHICLE AFTER PERMITTING QUESTIONING ON THIS ISSUE DURING DIRECT EXAMINATION"
Daimler Chrysler contends that the trial court erred by allowing Boyle to testify that he requested repairs even after he filed suit, while excluding evidence of offers to repair the van of which Boyle may have become aware through his counsel, after litigation began. The company argues that its not being permitted to question Boyle about its offers to fix the van was prejudicial because the jury was left with the impression that Daimler Chrysler stalled and stonewalled Boyle, buttressing his claim that it engaged in deceptive practices. We agree.
Absent an abuse of discretion, a trial court's decision regarding the admission of evidence will not be reversed. Rigby v. Lake Cty. (1991),58 Ohio St.3d 269, 271, 569 N.E.2d 1056, 1058. "Abuse of discretion" has been defined as an attitude that is unreasonable, arbitrary, or unconscionable. AAAA Ent. v. River Place Community Urban RedevelopmentCorp. (1990), 50 Ohio St.3d 157, 553 N.E.2d 597. It is to be expected that most instances of abuse of discretion will result in decisions that are simply unreasonable, rather than decisions that are unconscionable or arbitrary. Id. A decision is unreasonable if there is no sound reasoning process that would support that decision. Id. It is not enough that the reviewing court, were it deciding the issue de novo, would not have found that reasoning process to be persuasive, perhaps in view of countervailing reasoning processes that would support a contrary result.Id.
On direct examination, Boyle was permitted, over objection, to testify that despite his repeated requests, Daimler Chrysler refused to repair his vehicle:
 "Q. Now, defense counsel has made the remark more than once that you have known since October of `98, or something like that, about a so-called fix that Mr. Voorhies thinks might take care of this problem and that you've done nothing. Is that correct?
 "A. Yes. I asked Mr. Voorhies [after litigation began] if he would do the modifications and why he hasn't done the modifications."
But the trial court refused to allow Daimler Chrysler to cross-examine Boyle regarding his knowledge of any offers to perform this modification after he may have become aware of it in 1998, through his attorney:
 "Q. Now, I don't know and I can't ask you; but after that arbitration back in 1998, were you ever advised by your counsel that I was asking you to come in and do this repair?
 "[Counsel for Boyle]: Objection, Your Honor, We're getting
"The Court: Sustained as to what his attorney told him.
"* * *
 "[Counsel for Daimler Chrysler]: Were you ever made aware that Chrysler through its counsel was asking you to come in
"[Counsel for Boyle]: Objection. It's the same thing.
 "[Counsel for Chrysler]: He opened the door on this, Your Honor.
"[Counsel for Boyle]: I didn't.
"The Court: Well, I'll sustain the objection."
Boyle argues that the trial court's determination to exclude questioning regarding his knowledge, through his attorney, of offers to repair the vehicle after 1998 was appropriate under Evid.R.408. We disagree.
Rule 408 prohibits the admissibility of evidence of offers to settle a claim:
 "Evidence of (1) furnishing or offering or promising to furnish, or (2) accepting or offering or promising to accept, a valuable consideration in compromising or attempting to compromise a claim which was disputed as to either validity or amount, is not admissible to prove liability for or invalidity of the claim or its amount. Evidence of conduct or statements made in compromise negotiations is likewise not admissible. This rule does not require the exclusion of any evidence otherwise discoverable merely because it is presented in the course of compromise negotiations. This rule also does not require exclusion when the evidence is offered for another purpose, such as proving bias or prejudice of a witness, negativing a contention of undue delay, or proving an effort to obstruct a criminal investigation or prosecution." (Emphasis added).
Here, Daimler Chrysler attempted to offer the evidence to negate Boyle's contention that the company engaged in undue delay by refusing to repair the van after his request in 1998, and that this lends support to his claim under the CSPA. Accordingly, Rule 408 is inapplicable because it only bars the admission of evidence when the evidence is offered to show "that because a settlement offer was made, the offeror must be liable, because people don't offer to pay for things for which they are not liable." In re Donahoe (N.D.Ohio. 1995), 180 B.R.491.
This inability to cross-examine Boyle prejudiced the company's ability to defend itself under his CSPA claim. As noted above, although Daimler Chrysler's intent is irrelevant, whether the company's alleged refusal to repair the vehicle was unfair or deceptive is a crucial issue in this case, and the company's alleged offers to repair the vehicle, even after litigation, bear on this issue. Without Daimler Chrysler's evidence of its offers to repair the vehicle, the jury may have been offended by the company's continued refusal to repair its defective product, concerning which Boyle had testified on direct. Accordingly, we conclude that the court abused its discretion by allowing Boyle to testify to his requests for repair after litigation began, while refusing to allow Daimler Chrysler to cross-examine him regarding its offers to make repairs.
Daimler Chrysler's second assignment of error is sustained.
 VI
Although this case is being remanded for a new trial, we will address Daimler Chrysler's first assignment of error and Boyle's second assignment of error for purposes of judicial economy, since similar issues may arise at trial on remand.
Daimler Chrysler's first assignment of error is as follows:
 "THE TRIAL COURT COMMITTED PREJUDICIAL ERROR BY NOT ADMITTING INTO EVIDENCE THE CERTIFIED COPY OF THE COMPLAINT FILED BY APPELLEE IN MONTGOMERY COUNTY AGAINST IMS AND FORWARD MOTIONS, INC. WHICH CONCLUSIVELY ESTABLISHED THAT APPELLEE WAS SEEKING RECOVERY FROM OTHER PARTIES FOR IDENTICAL DAMAGES AS WERE ALLEGED IN THE INSTANT CASE"
In this assignment of error, Daimler Chrysler takes issue with the trial court's refusal to admit into evidence a certified copy of a complaint filed by Boyle in Montgomery County against both IMS and Forward Motions, Inc., which sought damages for the van's drifting problem. That complaint alleged that negligent modifications performed by IMS and Forward Motions, Inc. were the proximate cause of the van's drifting defect.
Daimler Chrysler argues that the trial court erred by failing to admit this complaint in evidence, because it shows that Boyle was attempting to receive two recoveries for the same injury and that Chrysler did not cause the problems of which he complains. Put simply, Daimler Chrysler asserts that it should have been admitted to impeach Boyle's credibility.
Evidentiary rulings are reviewed only for an abuse of discretion. Based upon our review of the record we conclude that the trial court abused its discretion, but that this error was harmless. Cf. Huskey v. Borbon
(Tenn.App. Jan. 4, 1991), No. 190 (trial court's admission of complaint evidencing similar injuries in second accident to those being complained of was error but error was harmless). Daimler Chrysler was permitted during cross-examination to question Boyle about his suit against IMS and Forward Solutions, Inc. for impeachment purposes, and the company won against Boyle under the Lemon Law act.
We are sending the matter to the trial court for a new trial on Boyle's other claims. Thus, this error is rendered moot by our remand. Upon retrial of this matter, the trial court must determine the relevancy of this evidence based on whether it affects resolution of the pending claims. It is not clear based on our review of the record whether or not negligence of a third party approved to do work by the company would preclude Boyle from asserting rights under his warranty with Daimler Chrysler. If he could not assert such rights, then the complaint would be relevant to show that the company did not violate the Magnuson-Moss act or Ohio's CSPA by failing to repair the vehicle. If, alternatively, the repair would be covered irrespective of the vehicle conversion, then the complaint would be irrelevant and inadmissible.
Accordingly, Daimler Chrysler's first assignment of error is overruled.
 VII
Boyle's second assignment of error is as follows:
 "THE TRIAL COURT ERRED IN REFUSING TO AWARD ANY ATTORNEY FEES TO THE PREVAILING CONSUMER"
An award of attorney fees is discretionary with the trial court, and we will not disturb that award unless the court has abused its discretion in making it. Eckman v. Columbia Oldsmobile, Inc. (1989), 65 Ohio App.3d 719,722, 585 N.E.2d 451, 453. "The term `abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." Blakemore v. Blakemore
(1983), 5 Ohio St.3d 217, 219, 5 OBR 481, 482, 450 N.E.2d 1140, 1142.
We have reviewed Boyle's motion for attorney's fees and Daimler Chrysler's reply. The original and amended motions seek recovery for attorney fees under R.C. 1345.09 and make no mention of Boyle's request under the Magnuson-Moss Warranty Act. Accordingly, we review his claim only under the authority he cites for recovery of attorney fees R.C.1345.09.
R.C. 1345.09 authorizes the award of attorney's fees in CSPA cases and provides as follows:
 "(F) The court may award to the prevailing party a reasonable attorney's fee limited to the work reasonably performed, if either of the following apply:
"* * *
 "(2) The supplier has knowingly committed an act or practice that violates this chapter."
"Knowledge" is defined as "* * * actual awareness, but such actual awareness may be inferred where objective manifestations indicate that the individual involved acted with such awareness." R.C. 1345.01(E).
The Ohio Supreme Court has held that suppliers may not escape liability for attorney fees merely because of ignorance that their actions are unlawful. Einhorn v. Ford Motor Co. (1990), 48 Ohio St.3d 27, 30,548 N.E.2d 933, 935-36.
Boyle argues that the company was aware that a defect existed, and failed to fix it, although the defect was covered under his vehicle's warranty. He claims this amounts to a knowing violation, entitling him to recover his attorney fees under R.C. 1345.09.
The trial court's inquiry should focus on whether Daimler Chrysler intentionally committed an act or practice that violates the Act or whether its violation was a bona fide error under R.C. 1345.11. Here, the manufacturer was given numerous opportunities to correct a defect covered under the warranty. The company's only witness admitted that the defect persisted even after these attempts. If on retrial, the jury again concludes that: (1) Daimler Chrysler violated the CSPA based on these actions; and that (2) the company's actions are not a bona fide error pursuant to R.C. 1345.11, then Boyle should be entitled to recover his attorney fees pursuant to R.C. 1345.09. Accordingly, Boyle's assignment of error is well-taken.
 VIII
Daimler Chrysler's first, third, and fourth assignments of error, and Boyle's first assignment of error having been overruled, and Daimler Chrysler's second assignment of error and Boyle's second assignment of error having been sustained, the judgment of the trial court in favor of Boyle on his Magnuson-Moss Warranty Act and CSPA claims is reversed, the judgment in favor of Daimler Chrysler on Boyle's Lemon Law claim is affirmed, and this cause is remanded for further proceedings consistent with this opinion.
GRADY and YOUNG, JJ., concur.
[1] This statute was subsequently amended in 1999.
[2] This statute was subsequently amended in 1999.